UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X  Case No. 20−10315−jlg
IN RE:

**Poonam Keswani**
              Debtor
-----------------------------------------------------------X

**Treasures London Limited.**  Adversary Pro. No. 20−01084−jlg

**Harjit Singh Athwal**

                         **Plaintiff(s),**
−against−

**Poonam Keswani**

                         **Defendant.**

-------------------------------------------------------------------X

## NOTICE OF MOTION TO WITHDRAW AS COUNSEL FOR THE DEBTOR

PLEASE TAKE NOTICE, that Dahiya Law Offices, LLC shall move the United States Bankruptcy Court, Southern District of New York located at 1 Bowling Green, New York, NY 10004 for an order permitting it to withdraw as counsel to the debtor-defendant Ms. Poonam Keswani

A hearing has been scheduled for the foregoing relief before the presiding judge Hon. James L. Garrity, Jr. at 11:00 am on July 13, 2020. All responses to the motion be filed at least a week in advance of the hearing.

Dated: June 24, 2020
New York NY                                                                          /s/_____
                                                                            Karamvir Dahiya
                                                                      Dahiya Law Offices, LLC
                                                                75 Maiden Lane Suite 506
                                                                      New York NY 10038
                                                                          Tel: 212 766 8000

Notice via Email:

Deborah J. Piazza
Chapter 7 Trustee
Tarter Krinsky & Drogin LLP.
1350 Broadway
New York, NY 10018
Email: dpiazza@tarterkrinsky.com

Ms. Jill Mackower
Counsel
Tarter Krinsky & Drogin LLP.
1350 Broadway
New York, NY 10018
Email: jmakower@tarterkrinsky.com

Poonam Keswani,
50 Riverside Boulevard
Apartment 10N, New York,
New York 10069.
Email: pariskeswani@gmail.com

Matthew Wurgaft
Kravis & Wurgaft, P.C.
201 Washington Street
Newark, NJ 07102
Email: mattwurgaft@gmail.com

US Trustee Offices
201 Varick Street
Suite 1006
New York NY 10014

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X     Case No. 20−10315−jlg
IN RE:

**Poonam Keswani**
                Debtor
------------------------------------------------------------X
**Treasures London Limited.**                                         Adversary Pro. No. 20−01084−jlg

**Harjit Singh Athwal**

                          **Plaintiff(s),**
−against−

**Poonam Keswani**

                          **Defendant.**
---------------------------------------------------------------X

## AFFIDAVIT IN SUPPORT OF APPLICATION TO WITHDRAW AS COUNSEL

      Karamvir Dahiya of Dahiya Law Offices, LLC praying for dis-engagement from the client, Poonam Keswani (the "Debtor" or "Defendant" herein), respectfully submit as follows:

      This motion is rather informative than to be relieved as counsel to the debtor [for a reason], as the Debtor has effectively discharged the undersigned as her counsel with express wordings-- "effective immediately" as of June 22, 2020. A client can terminate the relationship at any time with or without cause. *Campagnola v. Mulholland, Minion & Roe*, 76 N.Y.2d 38, 43 (1990) ("[I]t is well established that notwithstanding the terms of the agreement between them, a client has an absolute right, at any time, with or without cause, to terminate the attorney-client relationship by discharging the attorney."). Pursuant to Local Rule 1.4 of the Southern District of New York, "an attorney who has appeared as attorney of record for a party may be relieved . . . by order of the Court . . . . Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal . . . ." The New York State Rules of Professional Conduct, Rule 1.16(b)(3) mandates that "*a lawyer shall withdraw from the representation of a client when*

*. . . the lawyer is discharged.*" However, the bankruptcy courts local rule, 2090-1 directs that "an attorney who has appeared as attorney of record *may withdraw or be replaced only by order of the Court for cause shown.*" Thus, the undersigned as an officer of the Court has to move this application to obtain the requisite approbation for a such a withdrawal. This motion prays for a judicial severance of attorney-client relationship as there is no basis to continue the representation of the debtor-defendant.

Whether to grant or deny a motion to withdraw as counsel "falls to the sound discretion of the trial court." *In re Albert,* 277 B.R. 38, 47 (Bankr.S.D.N.Y.2002) (citing *Brown v. Nat'l Survival Games,* No. 91–CV–221, 1994 WL 660533, at *2 (N.D.N.Y. Nov. 18, 1994)). We cannot continue as the counsel, as the Debtor has very expressly stated that the undersigned withdraw forthwith.

*Your Honor*, I would never abandon a client. It is neither in my style nor in the stoic demands of this profession to leave unattended a client. However, retention is the discretion of the client with unqualified right to discharge. Withdrawal requested now would not prejudice the administration of the case. The undersigned was retained to see the litigation aspect of the case. It's not too late to be discharged from the case. The Plaintiff here have yet to serve the defendant debtor with the new amended complaint. Thus, there is no prejudice to any parties. All the parties affected by the proposed exit are being informed via email.

Wherefore, we request approval of the withdrawal application.

Dated:  New York NY
June 24, 2020

                                                            Dahiya Law Offices, LLC

                                                            /s/_____
                                                            Karamvir Dahiya

**CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 24, 2020, upon the interested parties via email as mentioned on page 2 of the motion.

Dated: New York NY
June 24, 2020

*/s/karamvir dahiya*
_____
Karamvir Dahiya (KD 9738)