**TARTER KRINSKY & DROGIN LLP**
*Counsel to Deborah J. Piazza, the Chapter 7 Trustee*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Deborah J. Piazza, Esq.
Jill Makower, Esq.
dpiazza@tarterkrinsky.com
jmakower@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| POONAM KESWANI, | Case No. 20-10315 (JLG) |
| Debtor. | |

-----------------------------------------------------------x

### NOTICE OF PRESENTMENT OF PROPOSED ORDER, PURSUANT TO FED. R. BANKR. P. 2004, DIRECTING PRODUCTION OF DOCUMENTS BY WELLS FARGO BANK

**PLEASE TAKE NOTICE**, that upon the application dated February 22, 2021 (the "**Application**") of Deborah J. Piazza, Esq., Chapter 7 Trustee (the "**Trustee**") of the estate of Poonam Keswani (the "**Debtor**"), the Trustee will present an order (the "**Proposed Order**"), in the form filed with the Application, to the Honorable James L. Garrity, Jr., United States Bankruptcy Judge of this Court, on **March 8, 2021 at 12:00 p.m.**, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, directing Wells Fargo Bank ("**Wells Fargo**") to produce the documents in its possession, custody and/or control that are set forth in the list attached to the Application as **Schedule A**.

**PLEASE TAKE FURTHER NOTICE,** that, objections, if any, to the entry of the Proposed Order approving the Application must be in writing and must be served upon the

undersigned attorneys for the Trustee with a copy to the Chambers of the Honorable James L. Garrity, Jr., so as to be received no later than **March 8, 2021 at 11:30 a.m.** (the "**Objection Deadline**"), absent which there will not be a hearing and the Proposed Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that only if objections to the Proposed Order are timely served and filed, the Court shall schedule a hearing to consider the Application and any objections thereto.

Dated: New York, New York
February 22, 2021

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Deborah J. Piazza, as Chapter 7 Trustee*

By: s/ Jill Makower
Deborah J. Piazza, Esq.
Jill Makower, Esq.
1350 Broadway, 11th Floor
New York, New York 10018
Telephone: (212) 216-8000
dpiazza@tarterkrinsky.com
jmakower@tarterkrinsky.com

TO:

Poonam Keswani
50 Riverside Blvd.
Apt. 10N
New York, NY 10069

United States Trustee
Office of the United States Trustee
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                              Chapter 7

POONAM KESWANI,                                     Case No. 20-10315 (JLG)

                       Debtor.
-----------------------------------------------------------x

### ORDER DIRECTING PRODUCTION OF DOCUMENTS BY WELLS FARGO BANK

Upon the application dated February 22, 2021 (the "**Application**"), of Deborah J. Piazza as the Chapter 7 trustee (the "**Trustee**") of the debtor Poonam Keswani (the "**Debtor**") in the above-captioned Chapter 7 case, seeking an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rule 2004**") directing the production of documents by Wells Fargo Bank; and just cause appearing therefor; it is hereby

**ORDERED**, that Wells Fargo Bank is hereby directed to produce and deliver to the offices of the Trustee's Counsel, Tarter Krinsky & Drogin LLP, 1350 Broadway, 11th Floor, New York, NY 10018, Attn: Jill Makower, Esq. (the "**TKD Offices**"), on or before _____, 2021, the documents requested in Schedule A to the Application that are in its possession, custody and/or control; and it is further

**ORDERED**, that service by first class mail of a copy of this Order and of the Application, together with an appropriate subpoena, on or before the second (2nd) business day following entry of this Order, upon Wells Fargo Bank, shall be deemed good and sufficient service.

Dated: New York, New York
       March _____, 2021

                                            _____
                                            **THE HONORABLE JAMES L. GARRITY, JR.**
                                            **UNITED STATES BANKRUPTCY JUDGE**

**TARTER KRINSKY & DROGIN LLP**
*Counsel to Deborah J. Piazza, the Chapter 7 Trustee*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Deborah J. Piazza, Esq.
Jill Makower, Esq.
dpiazza@tarterkrinsky.com
jmakower@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                    Chapter 7

POONAM KESWANI,                           Case No. 20-10315 (JLG)

                        Debtor.
------------------------------------------------------------x

**TRUSTEE'S APPLICATION FOR ENTRY OF AN ORDER, PURSUANT TO FED. R. BANKR. P. 2004, DIRECTING PRODUCTION OF DOCUMENTS BY WELLS FARGO**

**TO:  THE HONORABLE JAMES L. GARRITY, JR.
      UNITED STATES BANKRUPTCY JUDGE**

Deborah J. Piazza, the Chapter 7 trustee (the "**Trustee**") of the above-captioned debtor Poonam Keswani a/k/a Paris Keswani (the "**Debtor**"), by and through her counsel, Tarter Krinsky & Drogin LLP, submits this application (the "**Application**") for entry of an order, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), directing Wells Fargo Bank ("**Wells Fargo**") to produce the documentation set forth in **Schedule A** to this Application, pursuant to Bankruptcy Rule 2004. In support of this Application, the Trustee respectfully states as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this Chapter 7 case and this Application in this District is proper under 28 U.S.C. § 1408. This Application is brought pursuant to Bankruptcy Rule 2004.

## BACKGROUND

### A. General

2. On, January 31, 2020 (the "**Filing Date**"), the Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

3. Shortly thereafter, the Trustee was appointed as interim chapter 7 trustee of the Debtor. The Trustee subsequently became permanent trustee and continues to serve in said capacity.

4. On February 14, 2020, the Debtor filed her schedules of assets and liabilities (the "**Schedules**") and Statement of Financial Affairs ("**SOFA**").

5. On March 2, 2020, the Debtor filed amended Schedules A/B and C.

6. On April 17, 2020, the Debtor filed further amended Schedules A/B and C.

7. The Trustee examined the Debtor on March 10, 2020 at a § 341 meeting and again at a continued § 341 meeting on May 13, 2020.

8. On December 10, 2020, the Trustee commenced an adversary proceeding against the Debtor, objecting to the Debtor's discharge, Adv. Pro. No. 20-1345-jlg (the "**Adversary Proceeding**"). As set forth in the Trustee's adversary complaint, the Debtor has failed to produce documents repeatedly requested in writing by the Trustee concerning the Debtor's assets

and financial affairs and the financial affairs of certain of her businesses. The Adversary Proceeding remains pending.

9. The only business interests the Debtor disclosed in her Schedules and Amended Schedules was a 100% interest in Paris Jewels LLC and a 100% interest in Treasures of Prince LLC. In the Debtor's SOFA, in response to the question of "Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business…", the Debtor did not list any connections to any business other than Treasures of Prince LLC, Treasure International and Paris Jewels LLC. Upon information and belief, the Debtor was an equity holder and/or officer or director of numerous other businesses within the 4 years prior to the Filing Date.

**B. Treasures International**

10. The Debtor was a 50% owner of Treasures International as of approximately December 31, 2017.

11. The Debtor testified at the continued § 341 meeting that she was the 50% owner of Treasures International, a jewelry business, until 2018, when she transferred her 50% interest (the "Transfer") to her brother, making him the 100% owner of Treasures International.

12. The Debtor has failed to produce documents repeatedly requested in writing by the Trustee concerning Treasures International including Treasures International's books and records and bank statements, and the location of the storage facility where such records allegedly are stored.

13. Upon information and belief, Treasures International was a valuable company at the time of the alleged Transfer.

14. The Debtor, upon information and belief, did not receive any consideration for the Transfer.

15. The Debtor has not provided the Trustee with any proof that she made the Transfer.

C. **Paris Jewels LLC**

16. The Debtor testified at the continued § 341 meeting that she formed Paris Jewels LLC in December 2019 and that Paris Jewels LLC opened an HSBC bank account in February 2020 (post-petition) with Debtor's personal funds.

17. The Debtor has failed to turn over any of Paris Jewels LLC's bank statements despite various written requests by the Trustee.

18. At the continued 341 meeting, the Debtor testified that Paris Jewels LLC had not engaged in any business. Upon information and belief, this was a false oath.

19. Upon information and belief, Paris Jewels LLC has a location in London.

20. Although the Debtor has been a professional jewelry designer for many years, engaged in transactions involving diamonds, and formed Paris Jewels the month before the Filing Date, her Schedules and amended Schedules list only $2,500 of jewelry, and she testified at the continued § 341 meeting that Paris Jewels LLC owns no jewelry.

D. **Outstanding Documents And Information Previously Requested By the Trustee**

21. Despite numerous written requests by the Trustee (including by emails on May 13, 2020; May 29, 2020; June 4, 2020; and June 22, 2020), many documents and items of information relating to Debtor's personal and business assets remain outstanding including but not limited to Debtor's 2014 and 2015 tax returns; Debtor's personal bank statements and fronts and backs of cancelled checks for the past six years for all open and closed bank accounts;

Treasure International's bank statements for the past 6 years; location of storage unit where Treasure International's documents are or were stored and contact information for the storage facility; all bank statements relating to the Paris Jewels LLC's HSBC account, from inception to present; list of all jewelry inventory in the possession, custody or control of the Debtor or any entity affiliated with the Debtor as of the Filing Date; and contact information for Mr. Pati.

22. Upon information and belief, in the state court action against the Debtor entitled <u>Treasures London Limited, et al. v. Poonam Keswani and Treasures of Prince, LLC</u>, Index No. 652666/2019 (the "<u>State Court Action</u>") pending in the New York State Supreme Court, New York County, the Debtor produced altered, falsified and fabricated bank statements, fabricated and materially false or misleading financial statements, and false, fictitious and fabricated invoices.

**E. <u>Undisclosed Business Interests</u>**

23. As stated above, the only business interests the Debtor disclosed in her Schedules and Amended Schedules was a 100% interest in Paris Jewels LLC and a 100% interest in Treasures of Prince LLC, and the Debtor's SOFA did not list any connections to any business other than Treasures of Prince LLC, Treasures International and Paris Jewels LLC. This in inconsistent with information the Trustee has obtained in the course of her investigation. For example, in the "Company Profile" of "Treasures Group Co.", annexed hereto as **Exhibit 1**, the Debtor identifies herself as the president of Treasures Group Co, consisting of various entities not mentioned anywhere in the Schedules, Amended Schedules or SOFA, including Parklane Jewelers in Paradise Island, Bahamas, Parklane Jewelers in Nassau, Bahamas and Diamond Center in Nassau, Bahamas.

24. Upon information and belief, the Debtor owns an interest or owned an interest shortly prior to the Filing Date in the businesses listed on **Exhibit 2** annexed hereto.

25. Upon information and belief, the Debtor may own an interest in the businesses listed on **Exhibit 3** annexed hereto.

### F. The Debtor's Wells Fargo Accounts

26. The only financial account listed by the Debtor in her Schedules is "Checking Account Joint with estranged Spouse" allegedly containing $3,330.39. This is a false statement. The Debtor has produced only a small number of Wells Fargo bank statements to the Trustee. Those bank statements indicate that the Debtor has accounts at Wells Fargo including but not limited to checking account ending in x3028 and savings account ending in x4014.

### RELIEF REQUESTED

27. The Trustee hereby seeks production by Wells Fargo of all documents listed on **Schedule A** hereto in order to investigate assets of the estate and possible avoidance actions and turnover claims the estate may have. The documents listed in Schedule A relate to accounts of the Debtor and accounts of businesses which, upon information and belief, the Debtor owns and/or controls.

28. Bankruptcy Rule 2004 provides, in relevant part, as follows:

> (a) Examination on Motion. On motion of any party in interest, the court may order the examination of any entity.
>
> (b) Scope of Examination. The examination of an entity under this rule or of the debtor under § 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge . . .
>
> (c) Compelling Attendance and Production of Documents. The attendance of an entity for examination and for the production of

> documents, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial. As an officer of the court, an attorney may issue and sign a subpoena on behalf of the court for the district in which the examination is to be held if the attorney is admitted to practice in that court or in the court in which the case is pending.

Fed. R. Bankr. P. 2004(a), (b) and (c).

29. There is no question that the Trustee is a party in interest entitled to seek discovery under Bankruptcy Rule 2004. See 11 U.S.C. § 704(a).

30. Examinations under Bankruptcy Rule 2004 include within their scope, *inter alia*, any matter that may relate to the property and assets of the estate, the financial condition of the debtor, and any matter that may affect the administration of a debtor's estate. See Bankruptcy Rule 2004(b).

31. Courts have consistently recognized that the scope of discovery under Rule 2004 is extraordinarily broad. See, e.g., In re Ionosphere Clubs, Inc., 156 B.R. 414, 432 (S.D.N.Y. 1993), aff'd 17 F.3d 600 (2d Cir. 1994) (likening the scope of a Rule 2004 examination to a 'fishing expedition'); In re Bakalis, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996) (same); In re The Bennett Funding Group, Inc., 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) (holding that scope of a Rule 2004 examination is "admittedly 'unfettered and broad.'").

32. Based on the above, there is more than sufficient justification for the Trustee's instant application. The Trustee thus respectfully submits that the facts and legal authority set forth herein provide a sufficient basis for the issuance of an order granting the requested relief.

## NOTICE

33. A copy of this Application will be served upon the Debtor, and the United States Trustee. In light of the nature of the relief requested, the Trustee submits that no other or further notice need be provided.

## NO PRIOR RELIEF

34. No prior application for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests entry of an Order directing Wells Fargo to produce all documents listed on **Schedule A** annexed hereto.

Dated: New York, New York
February 22, 2021

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Deborah J. Piazza, as Chapter 7 Trustee*

By: /s/ Jill Makower
Deborah J. Piazza, Esq.
Jill Makower, Esq.
1350 Broadway, 11th Floor
New York, New York 10018
Telephone: (212) 216-8000
dpiazza@tarterkrinsky.com
jmakower@tarterkrinsky.com

# SCHEDULE A

1. Copies of all statements issued from January 1, 2014 through the present on any individual or joint account in the name of Poonam Keswani or Paris Keswani, including but not limited to checking account ending in x3028 and savings account ending in x4014.

2. Copies of fronts and backs of all cancelled checks for period from January 1, 2014 through the present relating to any individual or joint account in the name of Poonam Keswani or Paris Keswani including but not limited to checking account ending in x3028 and savings account ending in x4014.

3. Copies of all deposit slips with backup, wire transfer receipts, withdrawal slips and cashier's checks for period from January 1, 2014 through the present on any individual or joint account in the name of Poonam Keswani or Paris Keswani including but not limited to checking account ending in x3028 and savings account ending in x4014.

4. Copies of all statements issued from January 1, 2016 through the present on any account in the name of any of the following entities:

    a. Treasures International, EIN No. 26-2399436, (22 W. 48th Street, Suite 206, New York, NY)
    b. Treasures of Prince LLC (22 W. 48th Street, Suite 206, New York, NY)
    c. Paris Jewels LLC
    d. Parklane Jewelers, Bahamas
    e. Diamond Center, Bahamas
    f. Bahamas Jewelry Company, Bahamas
    g. Paris Jewels LLC
    h. Paris Jewels Co.
    i. Paris Jewels & Co.
    j. B.J.C Bahama Jewellry Company Limited aka B.J.C. Parklane Jewelers aka T.I. Treasures International Diamond Center aka Bahamas Jewelry Company aka Treasures of the Bahamas aka Bahama T-Shirt Company
    k. Prudential Consulting Inc.
    l. Island T Shirts (Bahamas) aka Diamond Centre Parklane Jewelers
    m. Treasures Bahamas Ltd. aka Bahamas Shirt Company
    n. Treasures International LLC
    o. Treasures LLC
    p. Prince Foundation
    q. Treasuresusa LLC

5. Copies of all statements issued from January 1, 2016 through the present on any account in the name of any of the following entities:

    a. Ameyaa LLC
    b. Ameyaa Luxuriants Ltd

  c. Ameyaa Luxuriants Fzc
  d. Ameyaa Diamonds's Inc.
  e. Treasures of Africa LLC
  f. Treasures International Inc.

**EXHIBIT 1**

# TREASURES GROUP CO.

22 West 48th Street, Suite # 206, New York, NY 10036  Tel (212) 302-7888 Fax (212) 302-7887

## COMPANY PROFILE

## NEW YORK

**TREASURES INTERNATIONAL**
Customized Jewelry
Jewelry Wholesale
22W. 48th Street Suite # 206
New York, NY 10036
Tel (212) 302-7888
Fax (212) 302-7887
Email: lisa@treasuresusa.com

**TREASURES OF PRINCE**
Specializes in Rough Diamonds and Gold
22W. 48th Street Suite # 206
New York, NY 10036
Tel (212) 302-7888
Fax (212) 302-7887
Cel (917) 930-0635
Email: paris0379@me.com

## BAHAMAS

**PARKLANE JEWELERS**
Customized Jewelry
Jewelry Retail
Marina Village
Paradise Island, Bahamas
Tel (242) 363-1234
Tel (818) 660-2290
Email: info@treasuresusa.com

**PARKLANE JEWELERS**
Customized Jewelry
Jewelry Retail
Kings Court, Bay Street
Nassau, Bahamas
Tel (242) 356-3936
Tel (818) 660-2281
Email: info@treasuresusa.com

# TREASURES GROUP CO.

22 West 48th Street, Suite # 206, New York, NY 10036  Tel (212) 302-7888  Fax (212) 302-7887

**DIAMOND CENTER**
Customized Jewelry
Jewelry Retail
International Bazaar, Bay Street
Nassau, Bahamas
Tel (242) 322-2375
Tel (818) 660-2540
Email: info@treasuresusa.com

**BAHAMAS JEWELRY COMPANY**
Customized Jewelry
Jewelry Retail
International Bazaar, Bay Street
Nassau, Bahamas
Tel (242) 322-2375
Tel (818) 660-2540
Email: info@treasuresusa.com

## EXTERNAL REFERENCES

**DE HAGO**
38 W. 48th Street Suite # 704
Tel (212) 869-7477
Fax (212) 869-3895
Contact: Barkev Hagopian

**TAKAT JEWELS**
38 W. 48th Street Suite # 601
Tel (646) 728-0151
Fax (646) 728-0152
Contact: Rayaz Takat

Cordially yours,

*Paris Keswani*
*President*

**EXHIBIT 2**

**Businesses In Which Debtor Owns/Owned An Interest**

| Business | Relationship to Debtor | Address |
|---|---|---|
| Treasures Group Co. | Owner | 22 West 48th Street Suite #206 New York, NY 10036 |
| Paris Jewels Co | Owner/President | 50 Riverside Blvd New York, NY 10069 |
| Paris Jewels & Co. | Owner/President | 50 Riverside Blvd New York, NY 10069 |
| Parklane Jewelers | Owner (Interest Currently Unknown) | 22 West 48th Street Suite #206 New York, NY 10036/Marina Village Paradise Island, Bahamas/Kings Court, Bay Street Nassau, Bahamas |
| Diamond Center | Owner (Interest Currently Unknown) | International Bazaar Bay Street Nassau, Bahamas |
| B.J.C Bahama Jewellry Company Limited aka B.J.C. Parklane Jewelers aka T.I. Treasures International Diamond Center aka Bahamas Jewelry Company aka Treasures of the Bahamas aka Bahama T-Shirt Company | Owner (Interest Currently Unknown) | International Bazaar Bay Street Nassau, Bahamas/Melia Beach Resort/Charlotte Street and Woods Rogers Nassau, New Providence |
| Prudential Consulting Inc | Owner | 10 West 47th Street Suite 1004 New York, NY 10036 |
| Island T Shirts (Bahamas) aka Diamond Centre Parklane Jewelers | Owner (Interest Currently Unknown) | Bay & Market Street, PO Box SS 6327, Nassau, New Providence |
| Treasures Bahamas Ltd. aka Bahamas Shirt Company | Owner (Interest Currently Unknown) | Bay Street Nassau Bahamas/Bay & Market Street, PO Box SS 6327, Nassau, New Providence |
| Treasures International | 50% Owner | 10 West 47th Street Suite 1004 New York, NY 10036 |
| Treasures International LLC | Manager/Member | 550 S Hill Street Suite 1240 Los Angeles, CA 90013 |
| Treasures LLC | Manager/Member | 1121 E Wilson Ave Unit 7 Glendale, CA 91206 |
| Prince Foundation | President | |
| Treasuresusa LLC | Affiliated (Interest Currently Unknown) | 22 West 48th Street Suite #206 New York, NY 10036 |

**EXHIBIT 3**

# Businesses In Which Debtor May Own An Interest

| Ameyaa LLC | Possibly Affiliated (Interest Currently Unknown) |
|---|---|
| Ameyaa Luxuriants Ltd | Possibly Affiliated (Interest Currently Unknown) |
| Ameyaa Luxuriants Fzc | Possibly Affiliated (Interest Currently Unknown) |
| Ameyaa Diamonds's Inc. | Possibly Affiliated (Interest Currently Unknown) |
| Treasures of Africa LLC | Possibly Affiliated (Interest Currently Unknown) |
| Treasures International Inc. | Possibly Affiliated (Interest Currently Unknown) |